

# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>MATTHEW E P THORNHILL | Case Number: 1711-AC00948 |
|---|---|
| Plaintiff/Petitioner:<br>AIME SMITH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DOMINIC M PONTELLO<br>PONTELLO & BRESSLER<br>406 BOONES LICK RD<br>SAINT CHARLES, MO 63301<br>(636) 896-4170 |
| Defendant/Respondent:<br>RAC ACCEPTANCE EAST LLC<br>DBA: ACCEPTANCE NOW | Date, Time and Location of Court Appearance:<br>28-MAR-2017, 09:00 AM<br>DIVISION 12 COURTROOM<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>AC Other Tort | |

(Date File Stamp)

## Associate Division Summons

The State of Missouri to: RAC ACCEPTANCE EAST LLC
           Alias:
           DBA: ACCEPTANCE NOW

R/A CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
ST LOUIS, MO 63105

**COURT SEAL OF**
**ST. CHARLES COUNTY**

  You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.
  If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____2/22/2017_____     _____/S/ Judy Zerr_____
   Date                  Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other_____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
 Printed Name of Sheriff or Server       Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____  _____
           Date             Notary Public

Sheriff's Fees, if applicable
Summons       $_____
Non Est        $_____
Sheriff's Deputy Salary
Supplemental Surcharge $____10.00_____
Mileage        $_____ (_____ miles @ $._____ per mile)
Total         $_____
A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-09) SM20 (ADSM) *For Court Use Only*: Document ID# 17-ADSM-753    1                 517.041 RSMo

**EXHIBIT A**

**1711-AC00948**

Electronically Filed - St Charles Circuit Div - February 20, 2017 - 03:24 PM

IN THE CIRCUIT COURT
SAINT CHARLES COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| AMIE SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division |
| RAC ACCEPTANCE EAST, LLC ) | |
| ) | |
| D/B/A ) | |
| ) | |
| ACCEPTANCE NOW ) | |
| ) | |
| Serve at: ) | |
| CT CORPORATION SYSTEM ) | |
| 120 SOUTH CENTRAL AVE ) | |
| CLAYTON, MO 63105 ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Aimee Smith, and for her Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. Seq.*

2. This is an action for actual and punitive damages brought by an individual consumer for invasion of privacy.

3. This is an action for actual and punitive damages brought by an individual consumer for intentional infliction of emotional distress.

4. Plaintiff demands a trial by jury on all issues so triable.

Electronically Filed - St Charles Circuit Div - February 20, 2017 - 03:24 PM

## JURISDICTION

5. This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendant placed prohibited telephone calls to Plaintiff at her cellular phone located in St. Charles County, Missouri.

6. This Court has jurisdiction of the claim of invasion of privacy because the conduct giving rise to the claim occurred in St. Charles County, Missouri.

7. This Court has jurisdiction of the claim of intentional infliction of emotional distress because the conduct giving rise to the claim occurred in St. Charles County, Missouri.

## PARTIES

8. Plaintiff is a natural person currently residing in St. Louis County, Missouri.

9. Defendant RAC Acceptance East LLC, doing business as Acceptance Now, ("RAC") is a foreign corporation with its principal place of business in Plano, TX.

### *Telephone Consumer Protection Act*

10. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

11. At all times relevant to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

12. Defendant at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

13. Defendant at all times relevant to the complaint herein engages in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

14. At all times relevant to this complaint, Defendant has used, controlled, and/or

Electronically Filed - St Charles Circuit Div - February 20, 2017 - 03:24 PM

operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

15. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### *Invasion of Privacy*

16. The Federal Communications Commission recognized the costs and damage to a consumer's right to privacy that robo calls created:

> Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, ¶7 (Jan. 4, 2008).

### FACTS

17. Within four years immediately preceding the filing of this lawsuit, Defendant attempted to collect an account balance by calling the Plaintiff's cellular phone using an automatic telephone dialing system on numerous occasions and leaving pre-recorded messages on the Plaintiff's answering service in violation of the TCPA.

18. Beginning in October of 2016, Defendant began attempts to collect payment on an account balance for furniture purchased by Plaintiff from Value City Furniture which Defendant financed.

19. In its attempt to collect payment on the account, Defendant made automatic dialed

Electronically Filed - St Charles Circuit Div - February 20, 2017 - 03:24 PM

phone calls and left pre-recorded messages on Plaintiff's cell phone.

20. On or about October 19, 2016, Plaintiff called Defendant in response to multiple phone calls she had received in an attempt to collect payment.

21. During the October 19, 2016 phone call, Plaintiff told Defendant not to call her cellular phone at all.

22. Plaintiff never gave her express written consent to Defendant to be called on her cellular telephone by automatic dialed telephone calls or prerecorded messages.

23. Specifically, Plaintiff never signed any writing containing a clear and conspicuous disclosure, as required under 47 C.F.R. § 64.1200(f)(8)(i), informing the Plaintiff that by executing an agreement, Plaintiff consents to receive phone calls delivered using an automatic telephone dialing system or an artificial or prerecorded voice.

24. Defendant RAC's phone calls came from its numbers, 636-278-4511, 314-564-7517.

25. In addition to the unwanted and repeated phone calls Defendant sent agents to the Plaintiff's home to leave door hangers and called her place of employment to harass and intimidate her into making payment on her account.

### *Violations of the TCPA*

26. Defendant RAC never obtained express written consent from Plaintiff to place telephone calls to Plaintiff's cellular phone using an automatic telephone dialing system or to send pre-recorded messages to Plaintiff's cellular phone.

27. Beginning in October 2016, Defendant began attempts to collect payment on the account by making numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number, (314) 369-9429, using an automatic telephone dialing system and pre-recorded

messages.

28. Plaintiff received numerous such illicit pre-recorded and/or synthesized phone calls or voice messages from Defendants' automatic telephone dialing system dating from December 17, 2016 to January 11, 2017, and she was charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

29. Defendant's phone calls for Plaintiff were placed from Defendants' automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to the Defendant.

30. Specifically, Defendants' dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

### *Invasion of Privacy – Intrusion Upon Seclusion*

31. Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff by repeatedly and unlawfully calling Plaintiff's cellular telephone without consent by the Plaintiff, and thereby invaded Plaintiff's right to privacy.

32. Plaintiff had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs.

33. The conduct of Defendant in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant that occurred in a way that would be highly offensive to a reasonable person in that position.

34. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages and punitive damages from Defendant in an amount to be determined at trial.

### *Intentional Infliction of Emotional Distress*

35. Defendant acted intentionally and recklessly with regards to contacting Plaintiff on her cellular phone using an auto-dialer and pre-recorded messages without regards as to the laws regarding consent to being called using such methods.

36. Defendant acted intentionally and recklessly with regards to contacting Plaintiff at her home using agents to leave door hangers and calling her place of employment.

37. Defendants conduct was extreme and outrageous and was specifically designed and calculated to harass and intimidate Plaintiff to cause emotional distress.

38. The conduct of Defendant in engaging in the above-described illegal collection caused Plaintiff to suffer severe emotional distress, depression and anxiety.

## COUNT I: VIOLATION OF THE TCPA

39. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

40. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

   a. Placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A) (iii).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

C. Statutory damages pursuant to 47 USC (b)(3); and

D. For such other relief as the Court may deem just and proper.

## COUNT II: INVASION OF PRIVACY – INTRUSION UPON SECLUSION

41. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

42. The aforementioned intrusion upon seclusion by Defendant was highly offensive

Electronically Filed - St Charles Circuit Div - February 20, 2017 - 03:24 PM

to a reasonable person.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.    Actual damages;

    B.    Punitive damages;

    C.    Court costs;

    D.    For such other relief as the Court may deem just and proper.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.    Plaintiff re-alleges and incorporates by reference all prior paragraphs.

44.    The aforementioned intentional infliction of emotional distress by Defendant was outrageous and extreme, committed intentionally and recklessly, and caused Plaintiff to suffer severe emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.    Actual damages;

    B.    Punitive damages;

    C.    Court costs;

    D.    For such other relief as the Court may deem just and proper.

Respectfully submitted by,

**PONTELLO & BRESSLER**

/s/ Dominic M. Pontello

DOMINIC M. PONTELLO. #60947
ISAAC J. BRESSLER, #66379
406 Boones Lick Rd
St. Charles, Missouri 63301
(636) 896-4170
(636) 246-0141 facsimile
dominic@pontellolaw.com

**1711-AC00948**

IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **AMIE SMITH,** | ) |
| Plaintiff, | ) |
| v. | ) Cause No. |
| **ACCEPTANCE NOW** | ) |
| | ) Division |
| Defendant. | ) **JURY TRIAL DEMANDED** |

### REQUEST FOR APPOINTMENT OF PROCESS SERVER

**COMES NOW**, undersigned counsel, pursuant to Local Rules, and at his own risk requests the appointment of the Circuit Clerk of:

**SERVICES RENDERED, INC., LAWRENCE ROTH, MARYBETH RICE, NETTA MCCLINTOCK, MARK WILCOX, PAT MEDLEY, RICHARD LANGDON, KATHLEEN LANGDON**
**220 W. LOCKWOOD AVE, STE 104, ST. LOUIS, MO 63119**
**(314) 918-0448**

Natural persons of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE AT:**
CT CORPORATION SYSTEM, R/A
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

All Risks to Plaintiff
So Appointed:

Date: ALL RISKS TO PLAINTIFF
          SO APPOINTED:
By:   /S/ JUDY ZERR  8:44 am, Feb 22, 2017

Pontello Law, LLC
  /s/ Dominic M. Pontello
Dominic M. Pontello, #60947
Attorney for Plaintiff
406 Boones Lick Rd
St. Charles, MO 63301
(636) 896-4170
(636) 246-0141 facsimile



IN THE ELEVENTH JUDICIAL CIRCUIT
SAINT CHARLES COUNTY, MISSOURI
ASSOCIATE CIVIL DIVISION

**FILED**

MAR 2 8 2017

JUDY ZERR
CIRCUIT CLERK
ST CHARLES COUNTY

__AIME SMITH__
**PLAINTIFF**

VS

CAUSE NO. __1711-AC00948__

__RAC ACCEPTANCE EAST LLC__
**DEFENDANT**

DIVISION: __12__
LINE 35

## MEMORANDUM/ORDER

COMES NOW _____ AND ENTERS THEIR APPEARANCE
AS ATTORNEY FOR _____.

CASE CONTINUED TO __MAY 2ND__ AT __9:00__ (AM)/PM.

**BY** (PLAINTIFF)   DEFENDANT   ☐ CONSENT
**FOR** TRIAL   (CALL DOCKET)   ☐ SETTING OR DISPOSITION

☐ COMES NOW THE **(PLAINTIFF/DEFENDANT)** AND REQUESTS A CHANGE OF JUDGE. MOTION IS **(GRANTED/DENIED)**. IF MOTION IS GRANTED, THE CAUSE IS ASSIGNED TO DIVISION _____ AND SET FOR **(TRIAL/ANNOUNCEMENT)** ON _____.

☐ COMES NOW **(PLAINTIFF/DEFENDANT)** AND REQUESTS A TRIAL BY JURY.

☐ CASE DISMISSED **WITH/WITHOUT** PREJUDICE AT PLAINTIFFS COSTS.

☐ CASE CALLED. PARTIES FAIL TO APPEAR. CASE DISMISSED **WITH/WITHOUT** PREJUDICE **FOR FAILURE TO PROSECUTE/LACK OF SERVICE** AT PLAINTIFFS COSTS.

☐ OTHER: _____

_Q__ _A_  60947

**PLAINTIFF/PLAINTIFF'S ATTORNEY   BAR #**       **DEFENDANT/DEFENDANT'S ATTORNEY   BAR #**

**ADDRESS, CITY STATE & ZIP**       **ADDRESS, CITY STATE & ZIP**

**PHONE NUMBER**       **PHONE NUMBER**

**SO ORDERED:**

_____       DATE: _____
**JUDGE        BAR #**